# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GABRIEL GALERA, and all others** | § | |
| **similarly situated under 29 U.S.C. § 216(b),** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4723-L** |
| | § | |
| **RELIEF NET ROAD SERVICES, INC.,** | § | |
| **and SHADI SALHI,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On May 7, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement (Doc. 43).  For the reasons that follow, the court **concludes** it lacks subject matter jurisdiction over any enforcement action, and accordingly **denies** Plaintiff's Motion to Enforce Settlement Agreement.

## I.    Factual Background and Procedural History

On April 28, 2015, the court granted summary judgment in favor of Defendants, finding that Plaintiff was exempt under the Motor Carrier Act exemption (29 U.S.C. § 213(b)(1)) from overtime under the Fair Labor Standards Act ("FLSA").  *See* Mem. Op. and Order (Doc. 41).  Pursuant to its memorandum opinion and order, on April 28, 2015, the court entered judgment in Defendants' favor, dismissing Plaintiff's FLSA claims with prejudice.  *See* Judgment (Doc. 42).

On May 7, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement ("Motion") (Doc. 43), arguing that "the parties entered into an enforceable settlement agreement before the Court ruled on the parties' motions for summary judgment and the Court should enforce the settlement agreement." Pl.'s Mot. 5.  On May 8, 2015, the court held a telephonic conference with counsel for

both parties concerning the Motion.  During the telephonic conference, the court *sua sponte* raised the issue of whether it has federal subject matter jurisdiction to enforce any purported settlement agreement in light of the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Company*, 511 U.S. 375, 381-82 (1994), and its progeny.  Following its telephonic conference, the court issued an order directing the parties to submit supplemental briefing regarding the court's jurisdiction.  *See* Order (Doc. 44).

The parties have now fully briefed the issue of the court's jurisdiction.  For the reasons that follow, having considered the parties' supplemental briefing, the record, and applicable law, the court finds and concludes that Plaintiff's postjudgment attempt to enforce a purported settlement agreement must be dismissed, as the court lacks subject matter jurisdiction to entertain any enforcement action.[1]

## II.     Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d

---

[1] By this ruling, the court makes no findings on the merits of Plaintiff's motion to enforce the purported settlement agreement, or whether any purported settlement agreement would be enforceable in the proper venue.

**Memorandum Opinion and Order - Page 2**

222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent."
*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

## III.    Analysis

### A.    *Kokonnen v. Guardian Life Insurance Company*

In *Kokonnen v. Guardian Life Insurance Company*, the Supreme Court explained that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  511 U.S. at 378; *see also Weaver v. World Finance Corp. of Texas*, 2010 WL 1904561, at *1 n.1 (N.D. Tex. May 12, 2010) (Fish, J.) ("As a general rule, once a lawsuit has been dismissed, enforcement of a settlement agreement requires a basis for subject matter jurisdiction independent of the underlying suit.") (citation omitted).  In *Kokkonen*, the Supreme Court held that a court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides such an independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made a part of the order of dismissal."  511 U.S. at 380-81.  The Court specified two ways in which a court may make a settlement agreement part of its dismissal order: "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order [of

dismissal].” *Id.* As explained directly below, Plaintiff fails to present any argument that he has satisfied either method, and the court is, therefore, without jurisdiction to enforce any alleged settlement agreement.

### B.    Discussion

In the present case, on April 28, 2015, the court granted summary judgment in favor of Defendants on Plaintiff’s FLSA claims, fully disposing of this action on the merits. (Doc. 41). Final judgment was entered on April 28, 2015, dismissing the action with prejudice. *See* Judgment (Doc. 42). Prior to this date, Plaintiff did not attempt to notify the court of any pending, or successful, settlement of this dispute. Plaintiff filed his Motion to Enforce Settlement Agreement on May 7, 2015, *nine days after the court dismissed the action*, asserting that while the summary judgment motions were pending, the parties had reached an enforceable settlement agreement “as early as March 24, 2015, and no later than April 9, 2015[.]” Pl.’s Mot. 1.

In Defendants’ supplemental briefing filed pursuant to the court’s May 8, 2015 Order *sua sponte* raising the issue of its subject matter jurisdiction, Defendants agree with the court that, under *Kokonnen*, the court must possess an independent basis for exercising jurisdiction to enforce any purported settlement agreement, which is lacking here. *See* Defs.’ Resp. and Br. in Opp’n to Pl.’s Mot. to Enforce Settlement Agreement (Doc. 46); Defs.’ Resp. to Pl.’s Supplemental Briefing (Doc. 50). In Plaintiff’s supplemental briefing, he makes no attempt to satisfy either method set forth in *Kokonnen* for making a settlement agreement part of the order of dismissal, *see Kokonnen*, 511 U.S. at 380-81, nor can he do so under the facts of this case. It is beyond peradventure that the court could not have included a separate provision in its April 28, 2015 Judgment retaining jurisdiction over the settlement agreement, or incorporate the terms of the settlement agreement in its Judgment,

when it was not informed about the alleged settlement agreement until May 7, 2015, nine days after

it entered the Judgment. While recognizing the holding in *Kokonnen*, Plaintiff argues that this court

nevertheless has continuing jurisdiction under Federal Rule of Civil Procedure 59(e) and requests

the court "to construe Plaintiff's Motion to Enforce Settlement Agreement as a motion to alter or

amend the judgment entered by the court for all purposes[.]" Pl.'s Reply 2 (Doc. 51); *see also* Pl.'s

Supp. Br. 3 (Doc. 47) (same).  Citing *Kokonnen*, Plaintiff argues: "By incorporating the terms of the

settlement agreement into the dismissal order, the Court would then also retain jurisdiction pursuant

to the terms of the settlement agreement." Pl.'s Supp. Br. 4 (Doc. 47).[2]

A motion to alter or amend the judgment under Rule 59(e) "calls into question the

correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation

omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present

newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins.

Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  It may not be used to relitigate issues

that were resolved to the movant's dissatisfaction.  *Forsythe v. Saudi Arabian Airlines Corp.*, 885

F.2d 285, 289 (5th Cir. 1989).  A Rule 59(e) motion may not raise arguments or present evidence

that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159

(5th Cir. 1990) (citation omitted).  When considering a Rule 59(e) motion to reconsider, a court may

not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature

that they would probably change the outcome; (2) the alleged facts are actually newly discovered

and could not have been discovered earlier by proper diligence; and (3) the facts are not merely

cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir.

---

[2] The court notes that Plaintiff does not seek to assert continuing jurisdiction to enforce a purported settlement
agreement based on diversity jurisdiction or federal question jurisdiction.

2003).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In response to Plaintiff's contention that he has met Rule 59(e)'s requirements such that the court should reopen the case, and amend its final judgment to incorporate the terms of the alleged settlement agreement, thereby establishing jurisdiction under *Kokonnen*, Defendants contend:

> The facts and circumstances of this case do not warrant and cannot support the remedy sought by Plaintiff under Rule 59(e).  Plaintiff asserts that in the present case, the alleged settlement agreement is the requisite new evidence needed to support altering and/or amending judgment in this case . . . There are numerous issues with such a contention.  First, as the Court noted, if such an agreement had been reached between the parties, Plaintiff could have and should have informed the Court that a settlement had been reached.  By Plaintiff's own admission [he] assert[s] a settlement occurred on either March 24, 2015[,] or April 9, 2015[,] yet [he] did not inform the Court.  Therefore, the settlement agreement itself cannot be 'new evidence' as Plaintiff was aware of such evidence and took no action.

Defs.' Resp. to Pl.'s Supp. Briefing 3 (Doc. 50).

The court agrees.  By definition, any alleged settlement agreement reached prior to April 28, 2015 (when the court dismissed the case with prejudice) cannot be "newly discovered evidence" for purposes of Rule 59(e).  Further, Plaintiff has provided the court with no case law supporting its

**Memorandum Opinion and Order - Page 6**

novel use of Rule 59(e) to alter a judgment of dismissal to include language that would then allow the court to have subject matter jurisdiction.  In addition, Plaintiff has failed to show any error of law or fact in the court's underlying summary judgment decision.  Finally, the court concludes that Plaintiff has failed to show that granting his motion is needed to cure a manifest injustice, as any error sought to be cured is his own, and not that of the court.  *See generally Lightfoot v. District of Colombia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005) (In the context of Rule 59(e), a "manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered.").

## IV.    Conclusion

For the reasons herein stated, the court **lacks** subject matter jurisdiction over any enforcement action, and accordingly **denies** Plaintiff's Motion to Enforce Settlement Agreement.

**It is so ordered** this **26th day** of **May, 2015.**

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 7**